# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
SHANNON MERCER,                    *
                                   *    No. 17-1544V
       Petitioner,          *    Special Master Christian J. Moran
                                   *
v.                                 *    Filed: January 7, 2020
                                   *
SECRETARY OF HEALTH                *    Entitlement, dismissal.
AND HUMAN SERVICES,                *
                                   *
       Respondent.          *
* * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Shannon Mercer alleged that an influenza vaccination she received on October 20, 2014, caused her to suffer from Bell's palsy and sensory neuropathy in her left arm and hand. Pet., filed Oct. 17, 2017, at 1. On December 19, 2019, Ms. Mercer moved for a decision dismissing her petition.

### I.    Procedural History

Ms. Mercer filed a petition on October 17, 2017. After Ms. Mercer filed all of her medical records, including certain records outstanding from her initial filings identified by the Secretary in his June 4, 2018 status report, the Secretary filed his Rule 4(c) report on September 20, 2018, contesting entitlement.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

A status conference was then held on November 27, 2018, in which the parties discussed the possibility of settlement and the undersigned set deadlines for petitioner and respondent to file status reports regarding progress made in informal settlement negotiations. After receiving a demand from petitioner, respondent filed a status report on May 28, 2019, indicating his desire to proceed with litigation.

On June 12, 2019, another status conference was held, after which the undersigned issued expert instructions that were ultimately finalized on August 15, 2019. The undersigned also ordered petitioner to file her expert report by August 1, 2019.

After filing two motions for enlargement of time to file her expert report on October 15, 2019, and December 16, 2019, both of which were granted, Ms. Mercer moved for a decision dismissing her petition on December 19, 2019. In the motion, Ms. Mercer stated that she "has been unable to secure further evidence required by the Court to prove entitlement to compensation," but "does intend to protect her rights to file a civil action in the future." Pet'r's Mot., filed Dec. 19, 2019, ¶¶ 1, 3. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

In her December 19, 2019 motion, Ms. Mercer admitted that she would be unable to provide evidence sufficient to establish her claim and prove entitlement to compensation. Pet'r's Mot., filed Dec. 19, 2019, ¶ 1. Ms. Mercer was unable to retain an expert to provide an opinion. Though Ms. Mercer filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the

undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in the case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed Dec. 19, 2019, ¶¶ 2-3.

In light of Ms. Mercer's concession that this case is not compensable and a review of the entire record, the undersigned finds that Ms. Mercer has not established a Table Injury of the influenza vaccine causing Bell's palsy and sensory neuropathy.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master